IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LOUIS EDWARD SPEARMAN, PRO SE, <br> TDCJ-CID #708729 <br> Previous TDCJ-ID #565379, <br> Previous TDCJ-ID #590524, <br><br> Plaintiff, <br><br> v. <br><br> DOUG DRETKE[1], RICHARD DUFFY, <br> NORVEL ARNOLD, and <br> RACQUEL HASKINS, <br><br> Defendants. | § § § § § § § § § § § § § § § § | 2:03-CV-0337 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff LOUIS EDWARD SPEARMAN, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants. The Court has reviewed plaintiff's claims and has granted permission to proceed in forma pauperis as to his claim of a failure to protect from threats from gang members.

By his original complaint, as expanded by his responses to the Court's Questionnaires, plaintiff complains that prison officials on the classification committee failed to take any action on inmate threats against him because, they said, plaintiff had not provided sufficient information. Plaintiff alleges gangmember inmates Simmons and Copeland threatened to beat him to death on May 6, 2003. Plaintiff further alleges inmate Arthelies Humphrey, then

---

[1] Plaintiff originally named JANIE COCKRELL, Director of the Texas Department of Criminal Justice, Institutional Division. She has since retired and, after some reorganization, was succeeded by Doug Dretke, Director of Correctional Institutions Division. DOUG DRETKE has been substituted for defendant COCKRELL in the instant suit.

plaintiff's cellmate, threatened to kill him on June 4, 2003; and, on July 14, 2003, inmate Brown, plaintiff's subsequent cellmate, said he would kill plaintiff if plaintiff wasn't moved out of his cell.

Plaintiff says he told Sgt. Borden of Humphrey's threat on June 9, 2003[2]. Plaintiff says Sgt. Borden investigated and Humphrey confessed[3]. Plaintiff says inmate Humphrey received a disciplinary case that same day for threatening plaintiff[4].

Plaintiff says he reported the threats by Brown, Simmons, and Copeland to Lt. Danner on July 14, 2003. Plaintiff was transferred to transient housing while Lt. Danner investigated the matter[5]. Plaintiff says inmate Brown confessed to Lt. Danner and received a disciplinary case the same day[6].

After three days in transient housing, plaintiff says he was taken to a Unit Classification Committee meeting in which the defendants "did not consider the facts which showed the threats, nor did they provide an explanation as to why they would not consider the evidence which showed the threats." Plaintiff states he was sent back to the same building, but moved to another pod in that building. Plaintiff complains there are other gang members in his new pod and everywhere he is moved, he is called a "snitch" and that other offenders are threatening him.

---

[2] Plaintiff's February 2, 2004 response to question no. 2 of the Court's Questionnaire.

[3] Plaintiff's February 25, 2004 response to the sole question on the Court's Second Questionnaire.

[4] See page 3 of the hand-printed pages appended to plaintiff's Statement of Claim and interleaved in his original complaint.

[5] Plaintiff's February 2, 2004 response to question no. 2 of the Court's Questionnaire.

[6] See page 3 of the hand-printed pages appended to plaintiff's Statement of Claim and interleaved in his original complaint.

Further, review of plaintiff's grievances attached to his original complaint reveals inmate Arthelies Humphrey and inmate Willie Joe Brown were transferred to another building.

Lastly, plaintiff complains some of his property was lost or taken when he was moved to another cell on July 14, 2003, for investigation of the threats against him. Plaintiff claims the loss of this property has resulted in the violation of his due process rights and right of access to courts.

Plaintiff requests a transfer and other unspecified relief.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[7], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[8].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or

---

[7] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[8] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff has not sued the defendants responsible for the loss or theft of some of his personal property which, he says, resulted in a violation of his First Amendment right of access to the courts.

Plaintiff has been determined to be a "three-striker" under the Prison Litigation Reform Act (PLRA) and is barred from proceeding in forma pauperis in any civil action or proceeding unless he is under imminent danger of serious physical injury. Title 28, United States Code, section 1915(g). This three strikes bar "has the effect of delaying litigation of the merits of a claim until the fee is paid in full." *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). Nevertheless, "[w]hen such a delay threatens 'imminent danger of serious physical injury,' the litigant will be granted IFP status in spite of his past abuse and allowed to pay out his filing fee obligations . . . . if [the] danger exists *at the time the plaintiff seeks to file his complaint or notice of appeal IFP* [italics in the original]." *Id.*

No imminent danger of serious physical injury is threatened by a delay in the prosecution of plaintiff's Fourteenth and First Amendment claims; and this Court concludes these claims are not eligible for assertion in a suit filed by inmate SPEARMAN while proceeding in forma pauperis. To do so, would be to allow an inmate to make allegations sufficient to clear the 1915(g) bar for the purpose of pursuing other claims which the 104th Congress intended to be discouraged by the 1915(g) bar. The courthouse door has been left slightly ajar to protect inmates from serious physical injury; but inmates will not be allowed to drive a Mack truck through that crack by pursuing other claims unrelated to any potential for

serious physical injury.

For the reasons set forth above, the Court concludes plaintiff's First and Fourteenth Amendment claims of a deprivation of property resulting in a violation of his right to access the courts is barred until plaintiff can pay the filing fee.

Concerning his remaining Eighth Amendment claim of a failure to protect, liability for this Eighth Amendment deprivation requires the same delinquency in denial of protection against harm from other inmates as it does for denial of medical care, *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); thus, there must be an allegation of facts which will support deliberate indifference on the part of prison officials, *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Not every injury suffered by a prisoner at the hands of another rises to the level of a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811, 823 (1994). The plaintiff prisoner must prove: (1) he is incarcerated under conditions "posing a substantial risk of serious harm," and (2) that the defendant prison official's state of mind is one of "deliberate indifference" to the prisoner's health or safety. *Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir. 1995); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

Plaintiff has alleged that when he reported the threats by inmates Humphrey and Brown, Sgt. Borden and Lt. Danner investigated his claims, with the result that each of the threatening inmates was punished via the disciplinary system and then transferred to another building where plaintiff is not housed. These facts will not support a claim of deliberate indifference to plaintiff's safety and do not show he is in substantial risk of serious harm.

As to the threats by alleged gangmember inmates Simmons and Copeland,

plaintiff has alleged that his report of these threats resulted in an immediate investigation by Lt. Danner and in plaintiff's removal from danger by transfer to transient housing during the investigation. When the investigation was complete, plaintiff appeared before a Classification Committee consisting of the defendants. Plaintiff complains the defendants "did not consider the facts which showed the threats, nor did they provide an explanation as to why they would not consider the evidence which showed the threats." Plaintiff has alleged no fact to show that the defendants did not consider the results of Lt. Danner's investigation and all other relevant facts. Plaintiff's conclusory allegation that they did not consider the facts is simply a claim that they did not reach the conclusion plaintiff wanted. Further, plaintiff has no due process rights in connection with the Classification Committee hearing and has no right to a list of reasons for the conclusion reached. Whatever conclusion the Classification Committee reached, plaintiff states he was sent back to the same building, but was moved to a different pod in that building. Plaintiff complains this didn't solve the problem because there are other gang members in his new pod and everywhere he is moved, he is called a "snitch." Plaintiff says now other offenders are threatening him. Plaintiff does not indicate he has informed prison officials of these new threats and states no threat has resulted in any attack.

Plaintiff makes it clear he feels he should be transferred to another unit. Nevertheless, the facts he has alleged show each reported threat has been taken seriously by prison officials and investigated. Further, two threats resulted in disciplinary action against those inmates who could be proved to have threatened plaintiff and a housing change for the threatening inmates. Moreover, after the Classification Committee hearing on the threats by Simmons and Copeland, plaintiff was moved away from them to a new pod.

These facts will not support a claim of deliberate indifference by the defendants. By his allegations, plaintiff has failed to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

It is HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff LOUIS EDWARD SPEARMAN is DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this  24th  day of October, 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE